TUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-CR-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. W. POTTER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Defendant, acting pro se, filed a Motion Requesting Court Transcripts/Documents and a Motion for Application to Proceed In Forma Pauperis [Docs. 957 & 958]. Defendant states that he is requesting the transcripts so he may pursue post-conviction relief. *Id*. As to Defendant's request to proceed *in forma pauperis*, it appears that he is requesting that the Court waive the fees charged by the Clerk's Office for the copies and transcripts requested in his Motion Requesting Court Transcripts/Documents.

Defendant has requested copies of the daily trial transcripts and the transcript from his sentencing hearing as well as copies of any pre-trial motions and transcripts of any hearings held on those motions. He alleges that he cannot afford these copies but states they are necessary to support his request for post-conviction relief under 28 U.S.C. § 2255. Defendant initially indicated a need to have these documents prior to filing his post-conviction relief petition but has now filed that petition. [Doc. 983]. In the petition, Defendant raises claims of ineffective assistance of counsel alleging that his counsel was ineffective because he failed to call certain witnesses at trial. He further contends that the presentence report contained a calculation error in that certain state

convictions which were served concurrently were separated out and counted separately when they should not have been. *Id.*

An indigent defendant is not necessarily entitled to receive transcripts and copies free of charge. *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (stating that an inmate's status as a pauper "does not give [him] a right to have documents copied and returned to him at government expense"). At the same time, the Court acknowledges that due process and equal protection protect petitioners from being effectively denied an adequate appellate review due to indigency. *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956). Still, the fact that an avenue for relief exists does not require indigent defendants to be provided financial assistance at every stage of the proceedings. *See Ross v. Moffitt*, 417 U.S. 600, 611 (1974). Due process does not require absolute equality or precisely equal advantages, nor does it require the government to equalize economic conditions. *Id.* at 612. Here, Defendant has been able to adequately raise the issues upon which he is basing his petition for post-conviction relief without receiving a copy of the transcripts and documents he requested. These necessary transcripts and documents are already part of the record before the Court and can be reviewed and evaluated in assessing Defendant's post-conviction petition. For these reasons, any request by Defendant that the Court waive the costs and fees associated with transcripts and copies of documents in the Motion should be **DENIED**. In so recommending, the Court has reviewed and considered the legal authority cited by Defendant but does not find it persuasive when considering the totality of the circumstances.

As the Court finds that under the facts set forth in Defendant's motion he is not entitled to receive copies of the transcripts/documents requested free of charge, his Motion Requesting Transcripts/Documents [Doc. 957] should be **GRANTED** but Defendant should be required to pay the fees and costs charged by the Clerk's Office for copies of the same.

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's pro se motion requesting to proceed in forma pauperis [Doc. 958] be **DENIED** and his Motion for Transcripts/Documents [Doc. 957] be **GRANTED** but with Defendant paying the associated costs.[1]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).